ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -                                           )
                                                       )
U.S. Pan American Solutions, LLC          )          ASBCA No. 62629
                                                       )
Under Contract No. W911S2-19-P-2528     )

APPEARANCE FOR THE APPELLANT:          Mr. Jorge DelPino
                                                         President

APPEARANCES FOR THE GOVERNMENT:        Scott N. Flesch, Esq.
                                                         Army Chief Trial Attorney
                                                       MAJ Aaron McCartney, JA
                                                       Robert B. Neill, Esq.
                                                         Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE CLARKE ON THE ARMY'S MOTION
TO DISMISS FOR LACK OF JURISDICTION

The Army moves the Board to dismiss this appeal because U.S. Pan American Solutions, LLC's (Pan Am) appeal was untimely and the Board lacks jurisdiction. Pan Am's President appears *pro se*. Pan Am failed to file an Opposition to the Army's Motion. We have jurisdiction to consider the Army's Motion pursuant to the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109. As explained below, the Army's actions caused confusion as to when the appeal period started. Pan Am's appeal to the reissued termination letter was timely. The Army's motion is denied.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

We present cursory background facts and focus on the facts surrounding the appeal. Not having filed an Opposition Brief, Pan Am has not disputed the Army's recitation of facts and we use them selectively and add additional facts we deem material.

1. On September 25, 2019, the government awarded Contract No. W911S2-19-P-2528 (the Contract) to Pan Am to provide commercial privacy screens for computer monitors (R4, tab 1, 3). The Contract provided that Pan Am had until October 25, 2019, to deliver the privacy screens (*id.* at 5-6).

2. The Contract was a 100% Small Business set-aside, firm-fixed-price contract for a commercial item, with a total price at the time of award of $77,147.00 (*id.* at 1, 5).

3.  Pan Am failed to deliver the privacy screens by October 25, 2019.  The failure to deliver the privacy screens was not initially explained by Pan Am, and the government issued a Show Cause Notice on January 29, 2020, for failure to deliver the privacy screens by the delivery date.  (R4, tab 5)

4.  On March 10, 2020, Ms. Katherine Bender from MICC - Fort Drum informed Pan Am that she intended to request that the Contract be terminated for default due to the appellant's failure to deliver the items required by the Contract by the required delivery date.  Ms. Bender informed Mr. DelPino,[1] Pan Am's President, through email, stating, "Good morning.  I am sorry, but delivering 8% of our order 5 months late is unacceptable[2].  I will be contacting the MICC today to cancel for default.  We have been as patient as we could and now your default is affecting the government's performance." (R4, tab 11 at 3)

5.  On May 8, 2020, contracting officer (CO) Lacey-Gonzalez signed a four page "Determination to Terminate for Cause Because of Failure to Deliver in Accordance with the Terms and Conditions of the Contract Pursuant to FAR 52.212-4(m), W911S2-19-P-2528."  The Determination set forth the facts supporting her decision to terminate.  (R4, tab 13)

6.  Also on May 8, 2020, CO Lacey-Gonzalez signed a two page "Final Determination":

> SUBJECT:  Contracting Officer's Final Determination
> Termination Notice – Termination for Cause:  Contract
> Number W911S2-19-P-2528
>
> 1. Contract W911S2-19-P-2528 is hereby being terminated
> for cause.  This termination for cause is for failure to deliver
> according to the terms and conditions of the contract.

---

[1] Mr. DelPino's name is shown in the majority of documents with a small "p" however his signature on his "request or an appeal" shows a capital "P" which is what we use.  (Board's files)  We do not change the spelling in the record documents.

[2] The government apparently felt that Pan Am had only provided 8% of the privacy screens, but we make no finding here whether that was accurate as it is not necessary for the disposition of this motion."

(R4, tab 14 at 1)  Appeal rights were included at paragraph 4 (*id.*).  The header on the second page read:

> SUBJECT:  Contracting Officer's Final Determination
> Termination Notice – Termination for *Convenience*:  Contract Number W911S2-19-P-2528

(*id.* at 2) (Emphasis added).

7.  Also on May 8, 2020. CO Lacey-Gonzalez signed Modification No. P00001, SF 30, stating in Block 14, "The purpose of this modification is to Terminate Contract W911S2-19-P-2528 for Cause because the Contractor failed to deliver Monitor Privacy Screens.  This Termination for Cause constitutes a final decision of the Contracting Officer."  (R4, tab 15 at 1).  There were no appeal rights stated in Modification No. P00001.

8.  Also on May 8, 2020, Ms. Bethel Faciane of MICC - Fort Drum emailed a "modification" terminating the contract for cause to Mr. DelPino:

> Attached is the modification to terminate for cause the above mentioned contract.  This is the final decision of the Contracting Officer.  This concludes this contract.
>
> Respectfully,
> Bethel M. Faciane
> Purchasing Agent

(R4, tab 16 at 4).  We interpret this to refer to Modification No. P00001.

9.  On May 12, 2020, Mr. DelPino sent the following email to CO Lacey-Gonzalez:

> Ms Lacey Gonzalez
>
> Once again thank you for your time and attention.  Im [sic] embarrassed for this inconvenience and appreciate your attention on our call.  I apologize to you and Ms Bender as we compromised the Army inspection as we discussed today.
>
> Please feel free to can contact me at this email or directly at "
> -  -    ."  Please stay safe and sound –Thanks again.  *I attached our termination doc that shows the convenience header on page 2 as well.*

Regards
Jorge Delpino
VICE PRESIDENT

(R4, tab 16 at 3) (Emphasis added)

10.  On May 13 2020, CO Lacey-Gonzalez sent a corrected copy of the termination memo to Pan Am:

Mr. Delpino,

I have attached a corrected copy of my final termination memo.  I corrected the header on page 2 changing the word convenience to cause.  *I apologize for not catching the error and causing your confusion.*

I talked to both Ms Bender and my supervisor and have decided to stand by the termination for cause.  After talking with my supervisor I decided one termination for cause will not affect your ability to get future contracts.  Your past record of fulfilling contracts will override this one termination.

Ramona Lacey-Gonzalez
Contracting Officer

(R4, tab 16 at 2) (Emphasis added)

11.  On May 13, 2020, after CO Lacey-Gonzalez's email of the same date, Mr. DelPino sent the following email:

Gm Ramona

Thank you for your prompt attention.  I'm disappointed with this resolution and appreciate your comment regarding future contracts.  Our financial institution funded our invoice and the termination for cause defaults our lending program. This will basically close our business and the loss of jobs in our group as we confirmed a contract cancelation in March. This situation, compounded with the current Covid delays in our industry, we have product delivered that cant [sic] be accounted for to support the process of payment.  *We will*

4

*have to appeal this termination as the convenience
designation will be the only way to salvage our financial
dilemma.* I apologize to be so personal and passionate but
this unique situation creates a domino effect. If possible, is
there any way to speak to your supervisor to avoid this appeal
process?

Jorge Delpino
President

(R4, tab 16 at 1) (Emphasis added)

12. On August 7, 2020, Mr. DelPino filed a notice of appeal with the ASBCA requesting an appeal of the "Termination of Cause" of contract W91152-19-P-2528.

DECISION

The Army sums up its position as follows:

The date of the appellant's receipt of the contract termination
notice is undisputed (R4, tab 14 at 1). The appellant's notice
of appeal was filed by email message sent to the ASBCA
Recorder Mailbox on August 7, 2020, 91 days after May 8,
2020. This date is also undisputed. Accordingly, because the
appeal was not filed within 90 days of the appellant's receipt
of the contract termination notice, the Board lacks jurisdiction
under the CDA to decide this appeal and it must dismiss the
appeal with prejudice. 41 U.S.C. § 7104(a); *Cosmic
Construction Co. v. United States*, 697 F.2d 1389 (Fed. Cir.
1982).

(gov't mot. at 9). The question of our jurisdiction is not as simple as the Army apparently believes. August 7, 2020, the date Pan Am appealed its termination to the Board, is indeed 91 days from May 8, 2020. Although, the "Final Determination" termination memo was signed and emailed on May 8, 2020,[3] it contained an error. The header on page two referred to a termination for convenience (SOF ¶ 6). On May 13, 2020, CO Lacey-Gonzalez issued a corrected copy of the termination memo to Pan Am. (SOF ¶ 10) August 7, 2020 is 86 days from the reissued corrected termination memo. Our task is to determine which date starts the 90-day appeal period.

_____

[3] Modification No. P00001 terminating the contract was also delivered on May 8, 2020
    (SOF ¶¶ 6-8) but since it did not include appeal rights we do not view it as
    significant as the termination memo that does include notice of appeal rights.

5

*Relevant Law*

Confusion plays a large role in our analysis. In *Langdon Eng'g & Mgt.*, ASBCA No. 61959, 19-1 BCA ¶ 37,427 we wrote:

> The central concept of our case law in this area is confusion. *TTF*, 15-1 BCA ¶ 35,883 at 175,434. When the government sends multiple copies of a final decision without making the appeal start date clear there is confusion on the part of the contractor and the last delivery date of the final decision starts the 90-day appeal period. *Id.* We conclude that there is ample evidence of confusion on the part of Langdon.

(*Id.* at 181,908) In *Frasson Lodovico S.R.L*, ASBCA No. 58645, 14-1 BCA ¶ 35,525 we wrote:

> The appeal would be untimely if receipt was counted from 23 June 1995 but timely if receipt was 28 June 1995. The Board said that sending multiple copies of a CO's final decision confuses a contractor as to the date for appeal of the decision and the contractor is entitled to compute the date from receipt of the last copy. *Eastern*, 96-2 BCA ¶ 28,343 at 141,550.

(*Id.* at 174,114)

*Discussion*

As shown above, confusion that is caused by the government over which date the final COFD was issued is the essence of these dual final decision cases. Just as in *Langdon* and *Frasson Lodovico* there is ample evidence that the government's issuance of materially different COFD's caused confusion as to the starting date of the appeal period by Pan Am's, Mr. DelPino. On May 12, 2020, Mr. DelPino emailed CO Lacey-Gonzalez apologizing for any "inconvenience" Pan Am caused but also attaching a copy of the erroneous headnote.[4] (SOF ¶ 9) The most compelling evidence of confusion is CO Lacey-Gonzalez's May 13, 2020 statement acknowledging Mr. DelPino's confusion, "I apologize for not catching the error and causing your confusion." [5] (SOF ¶ 10). This is essentially an admission that we cannot overlook and standing alone would justify our

---

[4] Testimony from Mr. DelPino would have been useful but Pan Am failed to submit an affidavit / declaration. The same is true for the Army. The documents in the record are sufficient for our purposes.

[5] The Army disclosed the error in its facts but did not address it in its argument to explain why the Board should not give it the weight we do in this decision.

decision. On May 13, 2020, Mr. DelPino again wrote CO Lacey-Gonzalez referring to the error, "We will have to appeal this termination as the convenience designation will be the only way to salvage our financial dilemma" (SOF ¶ 11). This evidence, and particularly the CO's admission that the error caused Mr. DelPino's confusion, cannot be overcome by the Army's arguments.

## CONCLUSION

Based on the above, the Army's motion is denied.

Dated: August 5, 2021

CRAIG S. CLARKE
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62629, Appeal of U.S. Pan American Solutions, LLC, rendered in conformance with the Board's Charter.

Dated: August 5, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals